## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*FILED*

*AUG 1 9 2016*

*U.S. DISTRICT COURT-WVND*
*CLARKSBURG, WV 26301*

SMITTY HARDING,

        Plantiff, Pro- Se,

**STATE CIVIL RIGHTS COMPLAINT**
**PURSUANT TO 42 U.S.C. § 1983**

Vs.

Civil Action No.: *1 16 CV173*

*Keeley*
*Aloi*
*Blalock*

JIM RUBENSTEIN,
**Commissioner of Corrections;**
**KAREN PSZCZOLKOWSKI, Warden,**
**Northern Correctional Facility;**
**CECELIA JANISZEWSKI,**
**Medical Administrator,**
**Northern Correctional Facility;**
**EVELYN SEIFERT, Warden,**
**Northern Correctional Facility;**
**JERRY HAHN, M.D., Wexford,**
**Northern Correctional Facility;**
**ALL WEXFORD EMPLOYEES AT**
**NORTHERN CORRECTIONAL FACITLITY**
**FROM DEC. 1 2014 TO APRIL 30 2016;**
**ALL PRIME CARE MEDICAL INC., EMPLOYEES**
**AT NORTHERN CORRECTIONAL FACILITY**
**FROM DEC. 1 2014 TO APRIL 30 2016;**
**DR. EMIL DAMEF,**
**Regional Medical Director of Wexford;**
**DAVID BALLARD, Warden,**
**Mt. Olive Correctional Complex;**
**ANNA KINCAID, Medical Administrator,**
**Mt. Olive Correctional Complex;**
**PATRICIA PESHKO, Wexford,**
**Mt. Olive Correctional Complex;**
**SANDRA MAY, P.A., Wexford,**
**Mt. Olive Correctional Complex;**
**DR. RASHID, Wexford,**
**Mt. Olive Correctional Complex;**

1

DR. SUBASH GAJENDRAGADKAR, Wexford,
Mt. Olive Correctional Complex;
DR. KIM LAUDER, Wexford,
Mt. Olive Correctional Complex;
NAOMI ROBERTS, H.S.A., Wexford,
Mt. Olive Correctional Complex;
KATHY DILLON, A.S.A. to Warden Ballard,
and Greivance Cordinator at
Mt. Olive Correctional Complex;
RICHARD POLLACK, M.D., Wexford,
Mt. Olive Correctional Complex;
ALL WEXFORD EMPLOYEES AT
MT. OLIVE CORRECTIONAL COMPLEX
FROM DECEMBER 1 2014 TO APRIL 30 2016;
DEBBIE HISSOM, Healthcare Director,
W.Va. Division of Corrections;
                    Defendants.


I.    **JURISDICTION**

This is a civil action brought pursuant to **42U.S.C § 1983.** The Court has jurisdiction over this action pursuant to Title 28 U.S.C.§§ 1331 and 2201.

II.    **PARTIES**

In Item below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.

      A.    **Name of Plantiff**:

      Smitty Harding
      #3568333
      St. Mary's Correctional Center
      2880 North Pleasants Hwy.
      St. Mary's, West Virginia 26170

In item B below, place the full names of each defendant, his or her official position, place of employment, and address in the space provided.

      B.    **Name of Defendant**:

      Jim Rubenstein
      Commissioner of Corrections

W.V.D.O.C
1409 Greenbrier Street
Charleston, Wv 25311

Was this Defendant acting under the authority or color of state law at the time these claims occurred?          [X] Yes          [ ] No

If your answer is "YES", briefly explain:  Mr. Rubenstein was acting under the authority or color of state law and in his individual capacity at the time these claims occurred.  He has been informed of the Plaintiffs medical condition and situation[s] especially when it involved transportation and outside hospital visits. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital. One of the reasons stated to Plaintiff was lack of transportation.

B1.      **Name of Defendant**:
          Karen Pszczolkowski,
          Warden at Northern Correctional Facility,
          112 Northern Regional Correctional Drive,
          Moundsville, W.Va. 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred?          [X] Yes          [ ] No

If your answer is "YES", briefly explain:  Ms. Pszczolkowski was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. She has been informed of the Plaintiffs medical condition and situation[s] especially when it involved transportation. One of the reasons stated to Plaintiff was lack of transportation. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B2.      **Name of Defendant**:
          Cecelia Janiszewski,
          Medical Administrator,
          Northern Correctional Facility
          112 Northern Regional Correctional Drive,
          Moundsville, W.Va. 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred?          [X] Yes          [ ] No

3

<u>If your answer is "YES", briefly explain</u>: Ms. Janiszewski was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. She was informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation and outside hospital visits. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

      B3.    **Name of Defendant**:
             Jerry Hahn, M.D
             Doctor for Wexford,
             Northern Correctional Facility
             112 Northern Regional Correctional Drive,
             Moundsville W.V.a. 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred? [X] Yes         [ ] No

<u>If your answer is "YES", briefly explain</u>: Jerry Hahn M.D was acting under the authority or color of state law and in his individual capacity at the time these claims occurred. He has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation and outside hospital visits. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

      B4.    **Name of Defendant**:
             Evelyn Seifert,
             Warden at Northern Correctional Facility,
             112 Northern Regional Correctional Drive,
             Moundsville, W.Va. 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred? [X] Yes         [ ] No

<u>If your answer is "YES", briefly explain</u>: Evelyn Seifert was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. She has been informed of the Plaintiffs medical condition and situation[s] especially when it involved transportation. One of the reasons stated to Plaintiff was lack of transportation. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B5.    **Name of Defendant**:
DR. EMIL DAMEF,
Regional Medical Director of Wexford;
425 Holiday Drive, Forest Plaza Two,
Pittsburgh, P.A. 15220

Was this Defendant acting under the authority or color of state law at the time these claims occurred?    [X] Yes        [ ] No

If your answer is "YES", briefly explain:  DR. EMIL DAMEF was acting under the authority or color of state law and in his individual capacity at the time these claims occurred.  He has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visit[s], surgery[s], and expensive medical treatment[s] on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B6.    **Name of Defendant**:
DAVID BALLARD,
Warden,
Mt. Olive Correctional Complex;
One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?    [X] Yes        [ ] No

If your answer is "YES", briefly explain:  DAVID BALLARD was acting under the authority or color of state law and in his individual capacity at the time these claims occurred. He has been informed of the Plaintiffs medical condition and situation[s] especially when it involved transportation and outside Hospital Visits. One of the reasons stated to Plaintiff was lack of transportation. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B7.    **Name of Defendant**:
ANNA KINCAID,
Medical Administrator,
Mt. Olive Correctional Complex;
One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?                    ☒ Yes                    ☐ No

<u>If your answer is "YES", briefly explain</u>:  ANNA KINCAID was acting under the authority or color of state law and in her individual capacity at the time these claims occurred.  She was informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B8.    **Name of Defendant**:
PATRICIA PESHKO,
Nurse for Wexford Health Sources Inc.,
Mt. Olive Correctional Complex;
One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?                    ☒ Yes                    ☐ No

<u>If your answer is "YES", briefly explain</u>:  PATRICIA PESHKO was acting under the authority or color of state law and in her individual capacity at the time these claims occurred.  She has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B9.    **Name of Defendant**:
SANDRA MAY,
P.A. for Wexford Health Sources Inc.,
Mt. Olive Correctional Complex;
One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?                    ☒ Yes                    No ☐

<u>If your answer is "YES", briefly explain</u>:  SANDRA MAY, P.A was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. She has

6

been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B10.    **Name of Defendant**:
DR. RASHID,
Wexford Health Sources Inc.,
Mt. Olive Correctional Complex;
One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?    [X] Yes          [ ] No

If your answer is "YES", briefly explain:  DR. RASHID was acting under the authority or color of state law and in his individual capacity at the time these claims occurred. He has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B11.    **Name of Defendant**:
DR. SUBASH GAJENDRAGADKAR,
Wexford Health Sources Inc.,
Mt. Olive Correctional Complex;
One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?    [X] Yes          [ ] No

If your answer is "YES", briefly explain: DR. SUBASH GAJENDRAGADKAR was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. He has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B12.         **Name of Defendant**:
             DEBBIE HISSOM,
             Healthcare Director,
             W.Va. Division of Corrections;
             1409 Greenbrier Street
             Charleston, Wv 25311

Was this Defendant acting under the authority or color of state law at the time these claims occurred?       ☒ Yes       ☐ No

If your answer is "YES", briefly explain: DEBBIE HISSOM was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. He has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatment[s] on the Ryback Machine. One of the reasons stated to Plaintiff was lack of transportation. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital and the Gangreen was not being Properly Contained and Eliminated.

B13.         **Name of Defendant**:
             DR. KIM LAUDER,
             Wexford Health Sources Inc.,
             Mt. Olive Correctional Complex;
             One Mountain Side Way,
             Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?       ☒ Yes       ☐ No

If your answer is "YES", briefly explain: DR. KIM LAUDER was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. She has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B14.         **Name of Defendant**:
             NAOMI ROBERTS, H.S.A.,
             Wexford Health Sources Inc.,
             Mt. Olive Correctional Complex;

8

One Mountain Side Way,
Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?     [X] Yes          [ ] No

If your answer is "YES", briefly explain:  NAOMI ROBERTS was acting under the authority or color of state law and in her individual capacity at the time these claims occurred.  She has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B15.     **Name of Defendant**:
         KATHY DILLON,
         A.S.A. to Warden David Ballard and Greivance Cordinator at
         Mt. Olive Correctional Complex,
         One Mountain Side Way,
         Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?     [X] Yes          [ ] No

If your answer is "YES", briefly explain:  KATHY DILLON was acting under the authority or color of state law and in her individual capacity at the time these claims occurred. This Defendant was knowledgeable through the Greivance Procedure at MOCC. She was directly involved with Plaintiffs medical situation through the Warden and should have looked into the Plaintiff's situation to verify complaint. One of the reasons stated to Plaintiff was lack of transportation. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B16.     **Name of Defendant**:
         RICHARD POLLACK, M.D.,
         Wexford Health Sources Inc.,
         Mt. Olive Correctional Complex.
         One Mountain Side Way,
         Mt. Olive, W.Va. 25185

Was this Defendant acting under the authority or color of state law at the time these claims occurred?     [X] Yes          [ ] No

9

If your answer is "YES", briefly explain: RICHARD POLLACK was acting under the authority or color of state law and in his individual capacity at the time these claims occurred. He has been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation, outside hospital visits, and expensive treatments on the Ryback Machine. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B17. **Name of Defendant**:
ALL WEXFORD EMPLOYEES, JOHN AND JANE DOE, AT
NORTHERN CORRECTIONAL FACITLITY
FROM DEC. 1 2014 TO APRIL 30 2016

Was this Defendant acting under the authority or color of state law at the time these claims occurred?    [X] Yes    [ ] No

If your answer is "YES", briefly explain: ALL WEXFORD EMPLOYEES AT NORTHERN CORRECTIONAL FACITLITY FROM DEC. 1 2014 TO APRIL 30 2016 was acting under the authority or color of state law and in their individual capacity at the time these claims occurred. They have been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation and outside hospital visits. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B18. **Name of Defendant**:
ALL WEXFORD EMPLOYEES, JOHN AND JANE DOE, AT
MT. OLIVE CORRECTIONAL COMPLEX
FROM DECEMBER 1 2014 TO APRIL 30 2016;

Was this Defendant acting under the authority or color of state law at the time these claims occurred?    [X] Yes    [ ] No

If your answer is "YES", briefly explain: ALL WEXFORD EMPLOYEES AT MT. OLIVE CORRECTIONAL COMPLEX FROM DECEMBER 1 2014 TO APRIL 30 2016 was acting under the authority or color of state law and in their individual capacity at the time these claims occurred. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

B19. **Name of Defendant**:

ALL PRIME CARE MEDICAL INC. EMPLOYEES, JOHN AND JANE
DOE, AT NORTHERN CORRECTIONAL FACILITY
FROM DECEMBER 1 2014 TO APRIL  30 2016;

Was this Defendant acting under the authority or color of state law at the time these claims occurred?           [X] Yes           [ ] No

If your answer is "YES", briefly explain: ALL PRIME CARE MEDICAL INC. EMPLOYEES AT NORTHERN CORRECTIONAL FACILITY FROM DECEMBER 1 2014 TO APRIL  30 2016 was acting under the authority or color of state law and in their individual capacity at the time these claims occurred. They have been informed and Personally involved with the Plaintiffs medical condition and treatment[s] especially when it involved transportation and outside hospital visits. The Defendant should have verified that proper Medical Treatment was being administerd to Plaintiff especially after it took a few visits to the outside hospital.

## III.    PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution:              St.Mary's Correctional Center

**A.**    Is this where the events concerning your complaint took place?
[ ] Yes          [X] No

If you answered " NO," where did these events occur?
Northern Correctional Facility and Mount Olive Correctional Complex

**B.** Is there a prisioner grievance procedure in the institution where the events occurred?
[X] Yes          [ ] No

**C.** Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?          [X] Yes          [ ] No

**D.** If your answer is "NO," explain why not;          N/A

**E.**    If your answer is "YES," indentify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSE:**

**LEVEL 1:**    Filed while at Northern Correctional Facility. Filed again while at Mt. Olive Correctional Complex. Lost in process of surgeries at hospital along with all my other belongings.

**LEVEL 2:**     Filed while at Northern Correctional Facility. Filed again while at Mt. Olive Correctional Complex.Lost in process of surgeries at hospital along with all my other belongings.

**LEVEL 3:**     Filed while at Northern Correctional Facility. Filed again while at Mt. Olive Correctional Complex.Lost in process of surgeries at hospital along with all my other belongings.

## IV.  PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

**A.**     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☐ Yes          ☒ No

**B.**     If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "**IV PREVIOUS LAWSUITS**"

    **1.** Parties to the previous lawsuit:

        Plantiff(s):     N/A

        Defendant(s): N/A

    **2.**     Court:        N/A

    **3.**     Case Number:          N/A

    **4.**     Basic Claim Made/Issues Raised :    N/A

    **5.**     Name of Judge(s) to whom case was assigned:        N/A

    **6.**     Disposition:   N/A

    **7.**     Approximate date of filing lawsuit:   N/A

    **8.**     Approximate date of disposition. **ATTACH COPIES**

**C.**    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?    [ X ] Yes        [ ] No

**D.**    <u>If your answer is "YES," briefly describe how relief was sought and the result. If your answer was "NO," briefly explain why administrative remedies were not exhausted.</u>    The Plaintiff Hubly Prays this Honorable Court to look at all the evidence once gathered, in this case at bar and see the sereousness of the complete lack of Professional Medical Care and treatment and appropriate supervision by the WVDOC to the Medical Subcontractors and its employees as well as the pain and suffering involved even to this day. The Plaintiff asks this Honorable Court to grant him what damages it feels are due him for the violation of his constitutional rights as well as statuatory violations that allow and continue to allow for his loss and past, present, future pain and suffering. This ultimately leaves the Plaintiff a Diabetic Double Amputee with no specialist help and guidance on how to walk and live with his disability.

**E.**    <u>Did you exhaust available administrative remedies?</u>    [ X ] Yes        [ ] No

**F.**    <u>If your answer is "YES", briefly explain the steps taken and attach proof of exhaustion. If your answer is"NO," briefly explain why administrative remedies were not exhausted.</u>
I filed grievance[s] according to W.V.D.O.C policy. I never received an offical answer because I was in and out of the hospital and the grievances were lost along with my personal property. I am involved in a Litigation with the Small Claims Court to recover my loss of property while I was in the outside hospital. So I re-filed at a later date to make sure that I exhausted my Administrative Remedies that the "PLRA" requires.

**G.**    <u>If you are requesting to proceed in this action in *forma pauper* under 28  U.S.C § 1915, list each civil action or appeal you filed in any court of the **United States** while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you attach and label "**G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS**"</u>

   **1.**    <u>Parties to previous lawsuit:</u>

          <u>Plaintiff(s)</u>: N/A

13

Defendant(s): N/A

2.     Name and location of court and docket number: N/A

3.     Grounds for dismissal: N/A

4.     Approximate date of filing lawsuit: N/A

5.     Approximate date of disposition: N/A

## V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case. describe what <u>each</u> defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH snd EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE(5) TYPED OR TEN(10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

**CLAIM 1:** Deliberate Indifference / Negligence / Medical Malpractice / Eighth Amendment- Cruel and Unusual Punishment, done while incarcerated at the Northern Correctional Facility.

a.  **JIM RUBENSTEIN,** The Commissioner of Corrections having a Moral and Legal Duty to use Due Care, Professionally and Personally acting in both, with the oversight of the Plaintiff and his many Medical Conditions, failed to properly protect and ensure the Plaintiffs' Constitutional Right[s] are not breached and violated. This Defendant was full aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through both Prime Care Medical Inc. and Wexford Health Souces Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive medical treatment[s] to remove the gangreen in his right leg and foot.

b.  **KAREN PSZCZOLKOWSKI,** The Warden of Northern Correctional Facility has a Moral and Legal Duty to use Due Care, Professionally and Personally acting in both, with the oversight of the Plaintiff and his many Medical Conditions, failed to properly protect and ensure

aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through both Prime Care Medical Inc. and Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mount Olive Correctional Complex, cost of surgery[s], and expensive medical treatment[s] to remove the gangrene in his right leg and foot.

d. **CECELIA JANISZEWSKI,** Medical Administrator for Prime Care and Wexford at Northern Correctional Facility, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

e. **JERRY HAHN,** Doctor for Prime Care and Wexford Health Sources Inc., has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

f. **ALL PRIME CARE MEDICAL INC. EMPLOYEES AT NORTHERN CORRECTIONAL FACILITY FROM DECEMBER 1ST 2014 TO APRIL 30TH 2016,** has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic

Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care Employees to treat and remove the gangrene.

g. **ALL WEXFORD HEALTH SOURCES INC. EMPLOYEES AT NORTHERN CORRECTIONAL FACILITY FROM DECEMBER 1ST 2014 TO APRIL 30TH 2016,** has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

h. **DR. EMIL DAMEF,** Regional Medical Director and Doctor for Prime Care and Wexford Health Sources Inc., has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

i. **DEBBIE HISSOM,** Healthcare Director for the W.Va. Division of Corrections, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with

16

the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

**CLAIM 2:** Deliberate Indifference / Negligence / Medical Malpractice / Eighth Amendment-Cruel and Unusual Punishment, done while incarcerated at the Mount Olive Correctional Complex.

a.  **JIM RUBENSTEIN,** The Commissioner of Corrections, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiffs' Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through both Prime Care Medical Inc. and Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mount Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

b.  **DAVID BALLARD,** The Warden of Mount Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiffs' Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Mt. Olive Correctional

Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

c. **DEBBIE HISSOM,** Healthcare Director for the W.Va. Division of Corrections, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

d. **ALL WEXFORD HEALTH SOURCES INC. EMPLOYEES AT MOUNT OLIVE CORRECTIONAL COMPLEX FROM DECEMBER 1ST 2014 TO APRIL 30TH 2016,** has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

e. **DR. EMIL DAMEF,** Regional Medical Director and Doctor for Wexford Health Sources Inc., has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his

right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

f.  **ANNA KINCAID,** Medical Administrator for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

g.  **NAOMI ROBERTS,** H.S.A. for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the and Wexford Employees to treat and remove the gangrene.

h.  **DR. RICHARD POLLACK,** M.D. for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic

Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

i.  **PATRICIA PESHKO**, Nurse for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

j.  **SANDRA MAY**, P.A. for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

k.  **DR. RASHID DOE OR DR. DOE RASHID**, Doctor for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and

was acting in both , with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

l.  **DR. SUBASH GAJENDRAGADKAR,** Doctor for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

m.  **DR. KIM LAUDER,** Doctor for Wexford at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated.  This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot.  This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

n.  **KATHY DILLON,** A.S.A. To Warden Ballard, and Grievance Coordinator at Mt. Olive Correctional Complex, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both , with the oversight of the Plaintiff and his many Medical

Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mt. Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

**CLAIM 3:** Deliberate Indifference / Negligence / Medical Malpractice / Eighth Amendment-Cruel and Unusual Punishment, done while incarcerated in the WVDOC from December 1st 2014 to April 30th 2016.

a. **ALL PRIME CARE MEDICAL INC. EMPLOYEES AT NORTHERN CORRECTIONAL FACILITY FROM DECEMBER 1ST 2014 TO APRIL 30TH 2016,** has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care Employees to treat and remove the gangrene.

b. **ALL WEXFORD HEALTH SOURCES INC. EMPLOYEES AT NORTHERN CORRECTIONAL FACILITY FROM DECEMBER 1ST 2014 TO APRIL 30TH 2016,** has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to

remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

c. **JIM RUBENSTEIN,** The Commissioner of Corrections, has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both , with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiffs' Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through both Prime Care Medical Inc. and Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], Transportation to and from Northern Correctional Facility and Mount Olive Correctional Complex, cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Prime Care and Wexford Employees to treat and remove the gangrene.

d. **ALL WEXFORD HEALTH SOURCES INC. EMPLOYEES AT MT. OLIVE CORRECTIONAL COMPLEX FROM DECEMBER 1ST 2014 TO APRIL 30TH 2016,** has a Moral and Legal Duty to use Due Care, Professionally and personally and was acting in both, with the oversight of the Plaintiff and his many Medical Conditions (i.e. A Diabetic Amputee), failed to properly protect and ensure the Plaintiff's Constitutional Right[s] are not breached and violated. This Defendant was fully aware of the Medical Condition and the Pain and Suffering the Plaintiff was going through with his injury to his right foot and the lack of Professional Medical Treatment that the West Virginia Division of Corrections has subcontracted through Wexford Health Sources Inc. by means of approval of Transportation to and from the outside hospital[s], cost of surgery[s], and expensive Medical Treatment[s] to remove the gangrene in his right leg and foot. This Defendant should have realized immediately that there was a Breach in the Due Care from the severe complication with gangrene and the inability of the Wexford Employees to treat and remove the gangrene.

VI.   **<u>INJURY</u>**
      <u>Describe BRIEFLY and SPECIFICALLY how you have been injured and the exact nature of your damages.</u>


The Plaintiff, a diabetic, between the Dates of December 1st 2014 to around April 30th 2016 has been denied proper and adequate medical care with the eventual loss of the Plaintiff's right leg, from the knee down, after several trips to the outside hospital and several surgeries' while he was

housed at the Northern Correctional Facility in general population and the Medical Unit, also while he was housed at Mt. Olive Correctional Complex in the Medical Unit. The Defendants further allowed the Pain and Suffering during not only this entire process but continue to allow the Pain and Suffering because of the lack of Professional Medical Help and the Adequate Supervision of the WVDOC and its Medical Subcontractors.

The inmate is a diabetic, who repeatedly sought medical attention for foot pain. The medical staff at the prison[s], however, did not timely diagnose or treat the infection. The inmate was transferred to private hospital[s] for intravenous antibiotic treatment, but the lack of Professional Medical Care shown the Plaintiff delayed effective treatment and resulted in gangrene and the amputation of the lower right leg. This ultimately leaves him a Diabetic Double Amputee.

**VII.    RELIEF**
State BRIEFLY and EXACTLY what you want the court to do for you.
*Make no legal arguments. Cite no cases or statutes.*

A.  The Plaintiff Humbly prays this Honorable Court to look at all the evidence, once gathered, in this case at bar and see the seriousness of the Complete lack of Professional Medical Care and Treatment and appropriate supervision by the WVDOC to the Medical Subcontractors and its employees as well as all the Pain and Suffering involved even to this day. The Plaintiff asks this Honorable Court to grant him what Damages it feels are due him for the Violation of his Constitutional Right[s] as well as Statutory Violations that allowed and continue to allow for his loss and Past, Present, and Future Pain and Suffering. This ultimately leaves the Plaintiff a Diabetic Double Amputee with no Specialist help and guidance on how to walk and live with his Disability.

B.  This **42 U.S.C. § 1983** Civil Action Claim is in Conjunction with the Plaintiff's **Federal Torts Claim Act** Complaint, pursuant to 28 U.S.C. § 1367. The Plaintiff seeks to join these two Claims together for the purpose to further the availability of damages.

C.  Issue an injunction ordering Defendants Wexford Medical Sources Inc. or their Agents to:

   1)  Fix and / or replace the Prosthetic made for Plaintiff's right leg that is not fit properly.
   2)  Immediately arrange for the Plaintiff's need for physical therapy or other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration and function of a Double Amputee.

D.  The Plaintiff seeks to be reimbursed for all filing fees and costs incurred during these Complaints.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he / she is the Plaintiff in the above action, that he / she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at St. Marys Correctional Center on _____8-1-16_____.
                                                                              (Date)


_____Smitty E. Harding_____
                    Smitty E. Harding, Plaintiff, Pro-Se