IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SMITTY HARDING,

        Plaintiff,

v.                        //    CIVIL ACTION NO. 1:16CV173
                                        (Judge Keeley)

JIM RUBENSTEIN, Commissioner
of Corrections, et al.,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81] AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]

On August 19, 2016, the pro se plaintiff, Smitty Harding ("Harding"), filed this complaint pursuant to 42 U.S.C. § 1983, naming numerous defendants connected to the three West Virginia Department of Corrections locations at which he has been incarcerated (Dkt. No. 1). Liberally construed, Harding's complaint alleges that the defendants were negligent and engaged in medical malpractice or acted in violation of his Eighth Amendment rights by failing to timely diagnose or treat an infection in his right foot. He alleges that such negligence ultimately resulted in the amputation of his lower leg (Dkt. No. 11). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the complaint to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

Defendants Jim Rubenstein, Karen Pszczolkowski, Evelyn Seifert, David Ballard, Katherine Dillon, and Debbie Hissom moved to dismiss Harding's complaint on April 7, 2017 (Dkt. No. 31). On

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81]
AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]

April 13, 2017, defendants Emil Damef, Kim Lauder, Patricia Peshko, Humayum Rashid, Naomi Roberts, Anna Kincaid, Subash Gajendragadkar, and Sandra May moved to dismiss the complaint or for summary judgment (Dkt. Nos. 36; 38). Defendants Jerry Hahn and Cecelia Janiszewski later moved to dismiss the complaint on May 15, 2017 (Dkt. No. 50). Despite receiving a <u>Roseboro</u> notice with regard to each motion, Harding only responded to the motion filed by defendants Jim Rubenstein, Karen Pszczolkowski, Evelyn Seifert, David Ballard, Katherine Dillon, and Debbie Hissom (Dkt. No. 43).

On September 15, 2017, the case referral was reassigned to the Honorable James E. Seibert, United States Magistrate Judge. In a Report and Recommendation ("R&R") entered on February 1, 2018, Magistrate Judge Seibert recommended that the Court grant the defendants' motions and dismiss Harding's complaint with prejudice (Dkt. No. 81). First, he reasoned that Harding had failed sufficiently to allege personal involvement on the part of supervisory defendants Jim Rubenstein, Karen Pszczolkowski, Evelyn Seifert, David Ballard, Katherin Dillon, and Debbie Hissom. <u>Id.</u> at 16-20. Second, the R&R concluded that defendants Emil Damef, Patricia Peshko, Humayum Rashid, Kim Lauder, Naomi Roberts, and Richard Pollack were not employed at the facilities in question during the relevant time period. <u>Id.</u> at 20-22. As to the remaining

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81]
AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

defendants - Anna Kinkaid, Sandra May, Subash Gajendragadkar, Cecelia Janiszewski, and Jerry Hahn - Magistrate Judge Seibert concluded that Harding's complaint failed to state a claim for deliberate indifference, and that Harding had not complied with the pre-suit requirements for bringing a medical malpractice claim under West Virginia law. Id. at 22-28.

The R&R also informed Harding of his right to file "written objections identifying those portions of the recommendation to which objection is made and the basis for such objections." Id. at 28-29. It further warned that the failure to do so may result in waiver of the right to appeal. Id. at 29. On February 16, 2018, Harding moved for a 21-day extension in which to file any objections, citing "the complexity of the issues involved." Finding good cause, the Court granted the motion in part and directed Harding to file any objections by March 9, 2018 (Dkt. No. 84).

On March 12, 2018, the Court received Harding's second motion for an extension of time to file objections. Harding contends that further time is necessary due to problems with the law library at St. Mary's Correctional Center, as well as "the complexity of the issues involved" (Dkt. No. 87). Good cause does not support Harding's second request for an extension. Since he received the R&R, Harding has filed three motions (Dkt. Nos. 83; 86; 87), but no

3

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81]
AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

objections. Further, the Court has already provided Harding with 28 days from his receipt of the R&R, twice the amount of time provided for under the statute. The Court thus **DENIES** Harding's second motion for an extension (Dkt. No. 87).

Also pending is Harding's perfunctory motion to amend his complaint (Dkt. No. 86). The rules require the Court freely to give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the grant or denial of a motion to amend is within the discretion of the Court, <u>Scott v. Family Dollar Stores, Inc.</u>, 733 F.3d 105, 121 (4th Cir. 2013), the Fourth Circuit has interpreted Rule 15(a)(2) to require that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Harding's one-page motion for leave to amend, however, is insufficient to warrant such an analysis. First, Harding did not attach "a signed copy of the proposed amended pleading" as required by the local rules. LR Civ P 15.01. The failure to comply with this requirement alone justifies denying the motion. <u>United States ex rel. Rostholder v. Omnicare, Inc.</u>, 745 F.3d 694, 703 (4th Cir.

4

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81]**
**AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

2014). Moreover, Harding's motion does not provide any details regarding the substance of his proposed amendment other than that it will relate to "Legitimate Claims" and "the Correction of suing of the proper Defendant's [sic]" (Dkt. No. 86 at 1). Although the Court must "freely give leave" to amend, the liberal policy of amendment simply does not apply to cursory and "throwaway" requests. See Kuyat v. BioMimetic Therapeutics, Inc., 747 F.3d 435, 444 (6th Cir. 2014). Therefore, the Court **DENIES** Harding's motion to amend his complaint (Dkt. No. 86).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review of the R&R. Dellacirprete,

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81]
AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

479 F. Supp. 2d at 603-04. Upon review of the R&R and the record for clear error, the Court:

1)   **ADOPTS** the R&R (Dkt. No. 81);

2)   **GRANTS** the motion to dismiss filed by defendants Jim Rubenstein, Karen Pszczolkowski, Evelyn Seifert, David Ballard, Katherine Dillon, and Debbie Hissom (Dkt. No. 31);

3)   **GRANTS** the motion for summary judgment filed by defendants Emil Damef, Kim Lauder, Patricia Peshko, Humayum Rashid, and Naomi Roberts (Dkt. No. 36);

4)   **GRANTS** the motion to dismiss filed by defendants Emil Damef, Anna Kincaid, Patricia Peshko, Humayum Rashid, Subash Gajendragadkar, Sandra May, Kim Lauder, and Naomi Roberts (Dkt. No. 38);

5)   **GRANTS** the motion to dismiss filed by defendants Jerry Hahn and Cecelia Janiszewski (Dkt. No. 50);

6)   **DISMISSES** the remaining John Doe and Jane Doe defendants whom Harding has failed to identify during the pendency of this lawsuit;

7)   **DENIES** Harding's second motion for an extension of time to file objections (Dkt. No. 87);

8)   **DENIES** Harding's motion to amend (Dkt. No. 86); and

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 81]**
**AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

**9)**    **DISMISSES** the complaint **WITH PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> plaintiff, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: March 15, 2018.

<pre>
                              /s/  Irene  M.  Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE
</pre>